ORIGINAL

# In the United States Court of Federal Claims

No. 17-1000 T
Filed: April 30, 2018

```
*******************************
                              *
JEFFREY T. MAEHR,             *
                              *
       Plaintiff, pro se,     *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
       Defendant.             *
                              *
*******************************
```

**FILED**

**APR 3 0 2018**

U.S. COURT OF
FEDERAL CLAIMS

**Jeffrey T. Maehr**, Pagosa Springs, Colorado, Plaintiff, *pro se*.

**Sophia Siddiqui**, United States Department of Justice, Tax Division, Counsel for the Government.

### MEMORANDUM OPINION AND ORDER GRANTING THE GOVERNMENT'S
### MOTION TO DISMISS

**BRADEN**, *Chief Judge*.

## I.    RELEVANT BACKGROUND.[1]

On February 11, 2011, the Internal Revenue Service ("IRS") issued deficiency notices to Jeffrey T. Maehr ("Mr. Maehr") for unpaid federal taxes for the tax years 2003 through 2006. Gov't Mot. Ex. 1.[2]

---

[1] The relevant facts discussed herein were derived from: the July 24, 2017 Complaint ("Compl.") and attached Exhibits ("Compl. Exs. 1–2"); and Exhibits attached to the Government's November 21, 2017 Motion To Dismiss ("Gov't Mot. Exs. 1–7").

[2] Where a motion to dismiss for lack of subject matter jurisdiction challenges the truth of the jurisdictional facts alleged in the complaint, the court may consider relevant evidence to resolve the dispute. *See Land v. Dollar*, 330 U.S. 731, 735 (1947) ("[A]s a general rule the [d]istrict [c]ourt would have authority to consider questions of jurisdiction on the basis of affidavits[,] as well as the pleadings[.]"); *see also Reynolds v. Army & Air Force Exchange Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) ("If a motion to dismiss for lack of subject matter jurisdiction . . . challenges the truth of the jurisdictional facts alleged in the complaint, the district court may consider relevant evidence in order to resolve the factual dispute."). To the extent the July 24, 2017 Complaint seeks a tax

On May 9, 2011, Mr. Maehr filed a petition with the United States Tax Court seeking a redetermination of assessed federal taxes, arguing that: (1) the IRS lacked standing; (2) the Internal Revenue Code was never enacted as "positive law;" (3) wages are not income and therefore Mr. Maehr is not a taxpayer; and (4) the Sixteenth Amendment to the United States Constitution did not authorize imposing federal income taxes on citizens of the individual states. Gov't Mot. Ex. 2.

On August 19, 2011, the United States Tax Court issued an Order And Decision dismissing the May 9, 2011 petition for failure to state a claim. Gov't Mot. Ex. 4 at 1.

On September 13, 2011 and November 7, 2011, Mr. Maehr filed two separate motions to vacate the United States Tax Court's August 19, 2011 Order. Gov't Mot. Exs. 5, 6.

On December 9, 2011, Mr. Maehr filed an appeal in the United States Court of Appeals for the Tenth Circuit of the August 19, 2011 Order And Decision. Gov't Mot. Ex. 7. On May 27, 2012, that federal appellate court affirmed the United States Tax Court's dismissal of Mr. Maehr's petition. *See Maehr v. Comm'r*, 480 F. App'x 921, 923 (10th Cir. 2012).

On September 6, 2012, Mr. Maehr filed a petition for certiorari in the United States Supreme Court that was denied. *See Maehr v. Comm'r*, 568 U.S. 1232 (2013). On April 11, 2013, Mr. Maehr filed a petition for rehearing that also was denied. *See Maehr v. Comm'r*, 569 U.S. 990 (2013).

Throughout these proceedings, Mr. Maehr did not pay the assessed taxes and penalties. Gov't Ex. 8 at 6 (2003 Tax Transcript[3]); Gov't Ex. 9 at 4 (2004 Tax Transcript); Gov't Ex. 10 at 3 (2005 Tax Transcript); Gov't Ex. 11 at 3 (2006 Tax Transcript). Thereafter, on an unspecified date, the IRS instituted proceedings to levy[4] Mr. Maehr's social security benefits, veteran's disability compensation, and part-time business assets. Compl. Ex. 1 at 2.

---

refund or to relitigate claims that previously were raised in the United States Tax Court, the Government challenges the court's jurisdiction to adjudicate such claims. Therefore, consideration of the parties' exhibits is appropriate, as they contain relevant jurisdictional facts.

[3] A tax transcript is a record created by the IRS to reflect information obtained from tax returns, tax assessments, payments, application of overpayments to tax liabilities, and other related information. *See Transcript Types and Ways to Order Them*, INTERNAL REV. SERV., https://www.irs.gov/individuals/tax-return-transcript-types-and-ways-to-order-them (last visited April 5, 2018).

[4] The Internal Revenue Code authorizes the Secretary of the Treasury to "levy" property:

(a) Authority of Secretary. If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such

On July 24, 2017, Mr. Maehr (hereinafter "Plaintiff") filed a Complaint[5] in the United States Court of Federal Claims and a Motion For Leave to Proceed *In Forma Pauperis*. The July 24, 2017 Complaint alleges that the IRS does not have authority to assess a federal tax on wages, salary, or compensation for services, as income, and the Sixteenth Amendment to the United States Constitution does not provide a constitutional basis for taxing income as defined by the IRS. Compl. at 2; *see also* Compl. Ex. 1 at 6, 9. The July 24, 2017 Complaint also alleges that the IRS unlawfully assessed as "'income' and business profits" Plaintiff's business assets, including customer order payments, payments to business vendors, and business expense payments, *i.e.*, "all that came *into* the business account for the years 2003-2006." Compl. at 2; *see also* Compl. Ex. 1 at 2 (emphasis in original). In the alternative, the IRS has authority to tax wages, salary, and compensation for services under the Sixteenth Amendment, but any taxes on business assets are "based on a fraudulent assessment of untaxable assets," deprived Plaintiff of due process of law, or was a "complete taking." Compl. at 2; *see also* Compl. Ex. 1 at 2, 9. In addition, the July 24, 2017 Complaint alleges that the IRS's ability to tax income does not extend to "an unconstitutional *direct* tax on wages, salary[,] or compensation for services of *private* Americans, and never did." Compl. at 2; Compl. Ex. 1 at 3.

In addition, the July 24, 2017 Complaint alleges that, even if the IRS had authority to tax "*private* wages," the levies were fraudulent, because they were made against "what has been 'assessed' as 'income[,]' but is NOT actual 'wages' or business gain or profit, and included *everything* in respective accounts, including 'gross' assets and business[] expenses, and protected assets." Compl. at 2; *see also* Compl. Ex. 1 at 5 (emphasis in original). The levies and tax assessments were "a vindictive move against him for daring to raise a defence [sic] against

---

person or on which there is a lien provided in this chapter for the payment of such tax. . . .

(b) Seizure and Sale of Property. The term "levy" as used in this title includes the power of distraint and seizure by any means. Except as otherwise provided in subsection (e), a levy shall extend only to property possessed and obligations existing at the time thereof. In any case in which the Secretary may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible).

(c) Successive Seizures. Whenever any property or right to property upon which levy has been made by virtue of subsection (a) is not sufficient to satisfy the claim of the United States for which levy is made, the Secretary may, thereafter, and as often as may be necessary, proceed to levy in like manner upon any other property liable to levy of the person against whom such claim exists, until the amount due from him, together with all expenses, is fully paid.

26 U.S.C. § 6331.

[5] A Notice Of Directly Related Cases was filed together with the July 24, 2017 Complaint that identified a number of cases in other judicial venues that allege similar or related claims to those at issue here. Compl. Ex. 2. One of these directly related cases was filed on March 1, 2016 in the United States District Court for the District of Colorado. *See Maehr v. Comm'r*, No. 16-cv-00512 (D. Col. filed Mar. 1 2016).

unlawful taking, and for raising the original intent of Congress and the Supreme Court." Compl. Ex. 1 at 5.

For relief, the July 24, 2017 Complaint requests that the court order the IRS "to respond to the evidence as filed in the stated Supreme Court Petition" to "revers[e the] unlawful taking," provide "compensatory and punitive damages," in an unspecified amount, and "order a [f]ederal [g]rand [j]ury investigation[] to review and remedy any similar activities involving others similarly situated . . . or [order such other] remedy as this court deems right and just." Compl. at 2–3.

On November 21, 2017, the Government filed a Motion To Dismiss ("Gov't Mot.") the July 24, 2017 Complaint, pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) and 12(b)(6).

On December 22, 2017, Plaintiff filed a Motion For Summons Of Grand Jury and Response to the Government's November 21, 2017 Motion To Dismiss ("Pl. Resp."). On January 8, 2018, the Government filed a Reply to Plaintiff's December ("Gov't Reply").

On April 23, 2018, Plaintiff filed a Notice Of New Evidence including information regarding the disposition of a directly related case.

## II.   DISCUSSION.

### A.   Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, to adjudicate "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400).

The Tucker Act authorizes the United States Court of Federal Claims to adjudicate tax refund claims, if the taxpayer has paid the full assessed federal tax liability and timely filed a refund claim with the IRS stating the grounds for the claim. *See* 28 U.S.C. § 1491(a); *see also* 26

U.S.C. § 6511(a);[6] 26 U.S.C. § 7422(a);[7] *see also Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993) (holding that a tax refund claim must be dismissed, if the "principal tax deficiency has not been paid in full").  In addition, the taxpayer must comply with the time restrictions in 26 U.S.C. § 6532(a)(1).[8]

**B.      Relevant Legal Standards.**

**1.      Under RCFC 12(b)(1).**

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]").

---

[6] This section provides:

> Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever [] period[] expires [] later[.]

26 U.S.C. § 6511(a).

[7] This section provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

[8] This section provides:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section[,] unless the Secretary renders a decision thereon within that time nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1).

When considering whether to dismiss an action for lack of subject matter jurisdiction, "a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

## 2.    Under RCFC 12(b)(6).

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading . . . . But a party may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]").

When considering whether to dismiss an action for failure to state a claim, the court must assess whether "a claim has been stated adequately" and then whether "it may be supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). The plaintiff's factual allegations must be substantial enough to raise the right to relief "above the speculative level." *Id.* at 555. The court must accept all factual allegations in the complaint as true and make all reasonable inferences in favor of the plaintiff. *Id.*

## 3.    Standard Of Review For *Pro Se* Litigants.

*Pro se* plaintiffs' pleadings are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). The United States Court of Federal Claims traditionally examines the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) ("The fact that [the plaintiff] acted *pro se* in the drafting of his complaint may explain its ambiguities, but it does not excuse its failures, if such there be.").

In addition, a *pro se* plaintiff, is not excused from his burden of proving, by a preponderance of the evidence, that the court possesses jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) ("[The plaintiff] must allege in his pleading the facts essential to show jurisdiction."); *see also Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[The *pro se* plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence."). The *pro se* plaintiff cannot rely solely on allegations in the complaint, but must bring forth relevant, adequate proof to establish jurisdiction. *See Reynolds*, 846 F.3d at 748 ("[I]t was incumbent upon [the *pro se* plaintiff] to come forward with evidence establishing the court's jurisdiction."); *see also Zulueta v. United States*, 553 F. App'x 983, 985 (Fed. Cir. 2014) ("[T]he leniency afforded to a [*pro se*] litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.") (quotation and citation omitted).

C.     **The Government's May 1, 2017 Motion To Dismiss.**

1.     **The Government's Argument.**

a.     **Subject Matter Jurisdiction.**

The Government argues that the United States Court of Federal Claims has jurisdiction to adjudicate a tax refund claim only if the plaintiff has paid the tax and timely filed a refund claim with the IRS. *See* 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed with the Secretary."); *see also Simmons v. United States*, 127 Fed. Cl. 153, 159 (Fed. Cl. 2016) ("Under the full prepayment rule, a court's jurisdiction over tax refund claims is limited to only those claims where the taxpayer has fully paid all taxes assessed for the tax year at issue prior to the initiation of the claim."). Plaintiff's tax transcripts for tax years 2003 through 2006 reflect that on July 24, 2017, the date the Complaint was filed in this case, the assessed taxes were not paid to the IRS. Gov't Mot. at 7 (citing Gov't Mot. Ex. 8 at 6 (2003 Tax Transcript); Gov't Mot. Ex. 9 at 4 (2004 Tax Transcript); Gov't Mot. Ex. 10 at 3 (2005 Tax Transcript); Gov't Mot. Ex. 11 at 3 (2006 Tax Transcript)). Therefore, the United States Court of Federal Claims does not have jurisdiction to adjudicate any tax refund claims alleged in the July 24, 2017 Complaint.

In the alternative, even if Plaintiff satisfied the jurisdictional prerequisites by paying the federal taxes due, the court still does not have jurisdiction to adjudicate his claims, because Section 6512(a) of the Internal Revenue Code provides:

> Effect of petition to Tax Court.—If the Secretary has mailed to the taxpayer a notice of deficiency . . . and if the taxpayer files a petition with the Tax Court . . . no credit or refund of income tax for the same taxable year . . . to which such petition relates . . . shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court.

26 U.S.C. § 6512(a).[9]

Because Plaintiff petitioned the Tax Court for a redetermination of the deficiency notices he received, Section 6512(a) precludes the United States Court of Federal Claims from adjudicating the claims alleged in the July 24, 2017 Complaint. Gov't Mot. at 7–8. Nor does the

---

[9] There are six exceptions to Section 6512(a), *i.e.*: (1) "overpayments determined by a decision of the Tax Court which has become final;" (2) "any amount collected in excess of an amount computed in accordance with the decision of the Tax Court which has become final;" (3) "any amount collected after the period of limitation upon the making of levy or beginning a proceeding in court for collection has expired;" (4) "overpayments attributable to partnership items, in accordance with subchapter C of chapter 63 [of the Internal Revenue Code];" (5) "any amount collected within the period during which the Secretary is prohibited from making the assessment or from collecting by levy or through a proceeding in court under the provisions of section 6213(a);" and (6) "overpayments the Secretary is authorized to refund or credit pending appeal as provided in subsection (b)." 26 U.S.C. § 6512(a). None of these exceptions apply in this case.

court have jurisdiction to adjudicate claims challenging the IRS's ability to levy property to satisfy tax delinquencies.

In particular, the July 24, 2017 Complaint alleges that the levies were based on fraudulent assessments, but such claims sound in tort. Gov't Mot. at 9 (citing Compl. Ex. 1 at 2, 4). The United States Court of Federal Claims does not have jurisdiction to adjudicate claims sounding in tort. *See* 28 U.S.C. § 1491(a)(1) (stating the United States Court of Federal Claims may issue judgments for money damages "in cases not sounding in tort"). In addition, Section 6331(a) of the Internal Revenue Code authorizes the Secretary of the Treasury to levy "all property and rights to property" of "any person liable to pay any tax" for the purpose of collecting a tax delinquency." 26 U.S.C. § 6331(a). Because Plaintiff's federal taxes for the tax years 2003 to 2006 were delinquent, the IRS lawfully levied Plaintiff's property, including social security and other benefits. Gov't Mot. at 13.

Plaintiff's Takings Clause claim also must be dismissed, because "plaintiff must admit that the Government's taking was authorized, because an actionable 'taking' can only result from authorized federal action." Gov't Mot. at 10 (citing *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1329–32 (Fed. Cir. 2006) ("[I]n a [T]akings [Clause] case we assume that the underlying action was lawful and we decide only whether the governmental action in question constituted a taking for which compensation must be paid. [The appellant's] complaints about the wrongfulness of the [government action] are therefore not properly presented in the context of its [T]akings [Clause] claim." (citation omitted))). The July 24, 2017 Complaint, however, alleges that the IRS's levy was not authorized; as such, these "takings" claims are torts over which the court does not have jurisdiction. Gov't Mot. at 10.

Nor does the court have jurisdiction to grant a judgment declaring that the IRS does not have authority to tax wages or render the levy of Plaintiff's assets to be unlawful. *See Thorndike v. United States*, 72 Fed. Cl. 580, 583 (Fed. Cl. 2006) ("The court, however, does not have jurisdiction to issue declaratory judgment, where such relief is the primary focus of the suit."); *see also Betz v. United States*, 40 Fed. Cl. 286, 291 (Fed. Cl. 1998) ("Among plaintiff's claims for relief are two that are based in equity, including [a] request[] for . . . a declaratory judgment that plaintiff is not liable for any type of federal income tax[.] . . . Except in narrow circumstances inapplicable here, the Tucker Act does not authorize the [United States] Court of Federal Claims to grant declaratory or injunctive relief of the type requested by plaintiff.").

### b.    Failure To State A Claim Upon Which Relief May Be Granted.

In the alternative, the Government argues that the July 24, 2017 Complaint fails to state a claim upon which relief may be granted, for two reasons. First, Plaintiff's claims are barred by the doctrine of *res judicata*. Gov't Mot. at 11–12. *Res judicata* operates to bar a claim where: "(1) the parties to this action are identical or in privity with those in the prior litigation; (2) the prior suit proceeded to final judgment on the merits; and (3) the claims asserted in this action are based on the same set of transactional facts as those previously litigated." *Stephanatos*, 81 Fed. Cl. 440, 442 (Fed. Cl. 2008), *aff'd*, 306 F. App'x 560 (Fed. Cir. 2009). In this case: (1) Plaintiff and the Government were parties to an appeal filed in the United States Court of Appeals for the Tenth Circuit; (2) that appellate court affirmed the Tax Court's Order of Dismissal and Decision;

and (3) the claims alleged in the July 24, 2017 Complaint in this court are based on the same facts litigated in the Tax Court action and affirmed by the Tenth Circuit. Gov't Mot. at 11–12.

Second, it is well settled that wages are taxable. Section 61(a) of the Internal Revenue Code provides that taxable income includes "all income from whatever source derived," and evidences Congress's intent to exert "the full measure of its taxing power." *Helvering v. Clifford*, 309 U.S 331, 334 (1940). Taxable income therefore includes any "accessio[n] to wealth." *Comm'r v. Glenshaw Glass Co.*, 348 U.S. 426, 431 (1955); *see also Carmichael v. United States*, No. 05-5008, 2005 WL 1027199, at *1 (Fed. Cir. 2005) (holding that any argument that wages are not subject to income tax "has been uniformly rejected by the courts that have considered it"); *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) (holding that the argument that compensation for labor is not income is "wholly without merit—so much so that merely raising it is considered sanctionable").

### 2.    Plaintiff's Response.

Plaintiff responds that he did not pay the full amount of federal income tax due and file for a tax refund, because he disputes that any payment is required. Pl. Resp. at 24. Although Plaintiff filed a petition for a redetermination in the United States Tax Court, he was never afforded a hearing. Pl. Resp. at 24. Plaintiff adds that the exception in 26 U.S.C. § 6512(a)(2) allows a tax refund suit to proceed in the United States Court of Federal Claims after a petition has been filed in the United States Tax Court, if the United States Tax Court ruling is final and debt is due, both of which have been met in this case. Pl. Resp. at 26.

Plaintiff adds that, if a tort claim is not allowed, he has no recourse against the United States Tax Court or the United States Court of Appeals for the Tenth Circuit for due process violations, and requests that the court transfer this case. Pl. Resp. at 28–29. As for the request for declaratory or injunctive relief, Plaintiff argues that such relief is tied to the primary goal of preventing the levy as an unlawful assessment of income. Pl. Resp. at 31.

Finally, with respect to the Government's argument regarding *res judicata*, the claims alleged in the United States Court of Federal Claims have not been adjudicated in any of the prior venues, because they were dismissed. Pl. Resp. at 32–33. The sole exception is the claim that the IRS cannot levy Plaintiff's veteran's disability payments that is currently pending in the United States District Court for the District of Colorado. Pl. Resp. at 35. Regarding that claim, Plaintiff contends that 26 U.S.C. § 6334[10] exempts disability benefits paid to veterans with service-

---

[10] This section provides that an exemption from levy applies to

[a]ny amount payable to an individual as a service-connected (within the meaning of [38 U.S.C. § 101(16)]) disability under–
(A) subchapter II, III, IV, V, or VI of chapter 11 of such title 38, or
(B) chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such title 38.

26 U.S.C. § 6334(10).

connected[11] disabilities from being levied. Pl. Resp. at 35 (citing *Porter v. Aetna Cas. & Sur. Co.*, 370 U.S. 159, 160 (1962) ("We agree . . . that the funds [deposited in the bank account] involved here are exempt under the statute . . . 'either before or after receipt by the beneficiary.'").[12]

### 3.  The Government's Reply.

The Government replies that the court should dismiss Plaintiff's federal tax refund claim and request for declaratory relief, because the court does not have jurisdiction to adjudicate them. Gov't Reply at 2.  A "tax refund claim, with very few exceptions, is the only type of tax dispute over which this court has jurisdiction." *Artuso v. United States*, 80 Fed. Cl. 336, 338 (Fed. Cl. 2008).

In addition, Plaintiff's request for a grand jury to investigate the alleged obstruction of justice, conspiracy, collusion, and treason between different governmental entities should be denied, because the court does not have jurisdiction to adjudicate criminal or tort claims. *See Gump v. United States*, 483 F. App'x 588, 590 (Fed. Cir. 2012); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).  Nor does the court have jurisdiction to adjudicate Plaintiff's due process claims. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process Clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.").

### 4.  The Court's Resolution.

I.R.C. § 6512(a) states that, "[i]f the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) . . . and if the taxpayer files a petition with the [United States] Tax Court within the time prescribed in section 6213(a) . . . no credit or refund of income tax for the same taxable year ... in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court".[13] 26 U.S.C. § 6512(a).  The United States Court of Appeals for the Federal Circuit's predecessor[14] has held that electing initially to file such claims in the United States Tax Court places them exclusively within the United States Tax Court's jurisdiction. *See Erickson v.*

---

[11] "Service-connected" means, "with respect to disability or death, that such disability was incurred or aggravated, or that the death resulted from a disability incurred or aggravated, in line of duty in the active military, naval, or air service." 38 U.S.C. § 101(16).

[12] On appeal of the dismissal of this and other claims, the United States Court of Appeals for the Tenth Circuit remanded the case for consideration of the unauthorized levy claim in light of *Porter*. *See Maehr v. Comm'r*, 664 F. App'x 683, 686 (10th Cir. 2016).

[13] The six exceptions to the prohibition against filing a tax refund suit in a federal court, other than the United States Tax Court, do not apply in this case. *See* 26 U.S.C. § 6512(a).

[14] The United States Court of Appeals for the Federal Circuit has held that United States Court of Claims decisions issued prior to September 30, 1982 are binding precedent. *See S. Corp. v. United States*, 690 F.2d 1368, 1369 (Fed. Cir. 1982).

*United States*, 159 Ct. Cl. 202, 216 (Ct. Cl. 1962) ("[T]he [United States] Tax Court's jurisdiction, once it attaches, extends to the entire subject of the correct tax for the particular year.").

In this case, the July 24, 2017 Complaint alleges that Plaintiff filed a case with the United States Tax Court before filing a separate case in the United States Court of Federal Claims. Compl. Ex. 2; *see also* Gov't Mot. Ex. 2. Plaintiff, however, argues that an exception to § 6512(a) applies, because "[United States] Tax Court rulings are 'final' and debt is due". Pl. Resp. at 26 (citing 26 U.S.C. § 6512(a)(2)). This exception, however, applies to "any amount collected in *excess* of an amount computed in accordance with the decision of the [United States] Tax Court which has become final." 26 U.S.C. § 6512(a)(2) (emphasis added). Moreover, this exception does not apply in this case, because the amount to be collected is not in excess of the United States Tax Court's decision.

But, even if Plaintiff had not first filed in the United States Tax Court, the July 24, 2017 Complaint does not allege that Plaintiff paid the deficiency amounts. Instead, Plaintiff argues that the full payment requirement "CANNOT be complied with without providing evidence of acquiescence to the alleged assessment being a federal tax." Pl. Resp. at 25 (emphasis in original). When a tax refund claim is filed in the United States Court of Federal Claims, instead of the United States Tax Court, "payment of the assessed taxes in full is a prerequisite to bringing a refund claim." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (citing *Flora v. United States*, 362 U.S. 145, 177 (1960)). The Internal Revenue Code provides that

> no suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a); *see also Chi. Milwaukee Corp. v. United States*, 40 F.3d 373, 374 (Fed. Cir. 1994) ("Section 7422(a) imposes, as a jurisdictional prerequisite to a refund suit, filing a refund claim with the IRS that complies with IRS regulations.").

Therefore, even if the court construes Plaintiff's claim as a tax refund claim, the jurisdictional prerequisite of full payment has not been satisfied. *See* 26 U.S.C. § 7422(a). Nevertheless, even if Plaintiff satisfied these jurisdictional prerequisites, the United States Court of Federal Claims would not have jurisdiction to adjudicate the claims alleged in the July 24, 2017 Complaint, for the additional reasons set forth below.

### a.   Earlier-Filed Claims.

The Tucker Act provides that the United States Court of Federal Claims

> shall not have jurisdiction of any claim for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process

arose, was, in respect thereto, acting or professing to act, directly or indirectly under
the authority of the United States.

28 U.S.C. § 1500.

The United States Supreme Court has held that 28 U.S.C. § 1500 applies when a party files
a case in the United States Court of Federal Claims, but the same claims were previously filed in
another federal court. *See Keene Corp. v. United States*, 508 U.S. 200, 207–09 (1993). In other
words, even if the earlier-filed suit is dismissed, while an action in the United States Court of
Federal Claims is pending, the United States Court of Federal Claims does not have jurisdiction to
adjudicate the claims alleged therein, because 28 U.S.C. § 1500, *i.e.,* "for or in respect to," applies
to cases arising from the same operative facts, regardless of whether the later filed claims seek the
same relief or proffer the same theory of liability. *See Tohono O'Odham Nation v. United States*,
563 U.S. 307, 312–17 (2011) ("Two suits are for or in respect to the same claim, precluding
jurisdiction in the [United States Court of Federal Claims] if they are based on substantially the
same operative facts, regardless of the relief sought in each suit.").

On March 1, 2016, Plaintiff filed a case in the United States District Court for the District
of Colorado against the Commissioner of Internal Revenue, a "person who, at the time when the
cause of action . . . arose, was, in respect thereto, acting . . . directly . . . under the authority of the
United States." 28 U.S.C. § 1500. The District Court case was filed more than a year before the
July 24, 2017 Complaint was filed in the United States Court of Federal Claims, and was pending,
when the July 24, 2017 Complaint was filed. *See Maehr v. Comm'r*, No. 16-cv-00512 (D. Col.
filed Mar. 1 2016). Both cases challenge the IRS's authority to tax income and wages and to levy
assets and benefits, and seek compensatory and punitive damages, based on the tax deficiencies.
*See Maehr v. Comm'r*, No. 16-cv-00512-PAB-MJW (D. Col. filed Mar. 1, 2016). Therefore, both
cases arise from Plaintiff's failure to pay federal taxes for tax years 2003 to 2006 and the IRS's
response, and concern "the same operative facts." *Tohono O'Odham Nation*, 563 U.S. at 315.

For these reasons, the court does not have jurisdiction to adjudicate the claims alleged in
the July 24, 2017 Complaint, pursuant to 28 U.S.C. § 1500.

### b.    Due Process Claim.

In the December 22, 2017 Response, Plaintiff argues that he did not receive due process
either in the United States Tax Court case or other federal courts. Pl. Resp. at 11 ("[I]n every
court, due process . . . was denied."). As a matter of law, however, the United States Court of
Federal Claims does not have jurisdiction to adjudicate Due Process claims. *See Smith v. United
States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses
of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do
not provide a cause of action under the Tucker Act.").

For these reasons, the court has determined that the Due Process claims alleged in the July
24, 2017 Complaint must be dismissed.

c.      **Takings Clause Claim.**

The United States Court of Appeals for the Federal Circuit also has held that taxation is not a taking of private property, because money, unlike real or personal property, is private property that cannot be physically occupied by the Government. *See U.S. Shoe Corp. v. United States*, 296 F.3d 1378, 1383 (Fed. Cir. 2002) ("The [G]overnment's act of taxation here was not a *per se* taking of private property. . . . Nor is the tax a regulatory taking[.]") (citing *United States v. Sperry Corp.*, 493 U.S. 52, 62 n. 9 (1989) ("It is artificial to view deductions of a percentage of a monetary award as physical appropriations of property. Unlike real or personal property, money is fungible. . . . If the deduction in this case were a physical occupation requiring just compensation, so would be any fee for services, including a filing fee that must be paid in advance.")). For this reason, the July 24, 2017 Complaint fails to state a Takings Clause claim on which relief can be granted.

Even if the court were to construe Plaintiff's Takings Clause claim as one for fraudulent assessment, the United States Court of Federal Claims does not have jurisdiction to adjudicate such claims. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("Because [Plaintiffs'] complaints for 'fraudulent assessment[s]' are grounded upon fraud, which is a tort, the court lacks jurisdiction over those claims.").

For these reasons, the court has determined that the Takings Clause claim alleged in the July 24, 2017 Complaint must be dismissed.

d.      **Declaratory Judgment and Injunctive Relief.**

The Tucker Act does not provide "independent jurisdiction over ... claims for [declaratory or injunctive] relief." *Brown*, 105 F.3d at 624 (citing *United States v. King*, 395 U.S. 1, 2–3 (1969) ("[Declaratory judgment] is essentially equitable relief of a kind that the Court of Claims has held throughout its history . . . that it does not have the power to grant.")); *see also* 26 U.S.C. § 7421(a) ("[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."). The United States Court of Appeals for the Federal Circuit has held that "no statutory authority exists that would grant the [United States] Court of Federal Claims the power to enjoin an IRS collection proceeding," because Section 7421 of the Internal Revenue Code, in most situations, "flatly prohibits" courts from providing such injunctive relief. *See Ledford*, 297 F.3d at 1382.

The July 24, 2017 Complaint requests that the court grant declaratory relief and determine that the IRS does not have lawful authority to tax wages or levy veteran's disability and social security benefits. Compl. Ex. 1 at 2–7. Liberally construing the July 24, 2017 Complaint, it also may seek injunctive relief, to require the IRS to discontinue levying Plaintiff's assets and assessing any further deficiencies or penalties. *See* Compl. Ex. 1 at 2–7. But, the Tucker Act does not authorize the United States Court of Federal Claims to grant the declaratory and injunctive relief that Plaintiff requests. *See* 28 U.S.C. § 1491; *see also Brown*, 105 F.3d at 624; *Ledford*, 297 F.3d at 1382.

13

For these reasons, the court does not have jurisdiction to grant the relief requested by the July 24, 2017 Complaint. Accordingly, the claims requesting declaratory and injunctive relief must be dismissed.

<strong>e.      Obstruction Of Justice And Request To Empanel Grand Jury.</strong>

Finally, the United States Court of Federal Claims does not have jurisdiction to adjudicate claims arising under the criminal code, including those for obstruction of justice, conspiracy, or requests to empanel a grand jury. *See Joshua*, 17 F.3d at 379–80 (affirming trial court dismissal of claims arising under the federal criminal code); *see also Hufford v. United States*, 85 Fed. Cl. 607, 608 (Fed. Cl. 2009) ("[I]t appears that [plaintiff] alleges claims of obstruction of justice and conspiracy. As these claims are based on criminal statutes, these too must be dismissed.").

For these reasons, the claims alleged in the July 24, 2017 Complaint regarding criminal conduct, including obstruction of justice and conspiracy, must be dismissed. In addition, Plaintiff's December 22, 2017 Motion For Summons Of Grand Jury must be denied.

## III.    CONCLUSION.

For these reasons, the court grants the Government's November 21, 2017 Motion To Dismiss. *See* RCFC 12(b)(1). All other pending motions are moot. Accordingly, the Clerk of the United States Court of Federal Claims is directed to enter judgment on behalf of the Government.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Chief Judge**