# In the United States Court of Federal Claims

No. 17-1000T
Filed: July 26, 2018

ORIGINAL

FILED
JUL 2 6 2018
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* \*
\*
JEFFREY T. MAEHR, \*
\*
Plaintiff, *pro se*, \*
\*
v. \*
\*
\*
\*
THE UNITED STATES, \*
\*
Defendant. \*
\*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Rules of the United States Court of Federal Claims ("RCFC") 59(a) (Grounds For New Trial Or Reconsideration; Further Action After Trial); 59(e) (Motion To Alter Or Amend Judgment).

**Jeffrey T. Maehr**, Pagosa Springs, Colorado, Plaintiff, *pro se*.

**Sophia Siddiqui**, United States Department of Justice, Tax Division, Washington, D.C., Counsel for the Government.

## MEMORANDUM OPINION AND FINAL ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**BRADEN**, *Senior Judge*.

### I.  RELEVANT BACKGROUND.[1]

On July 24, 2017, Jeffrey Maehr ("Plaintiff") filed a Complaint and a Motion For Leave To Proceed In Forma Pauperis in the United States Court of Federal Claims. The July 24, 2017 Complaint alleged that the Internal Revenue Service ("IRS") did not have authority to assess a federal tax on wages, salary, or compensation for services, as income, because the Sixteenth Amendment to the United States Constitution did not provide a constitutional basis for taxing income as defined by the IRS. Compl. at 2; *see also* Compl. Ex. 1 at 6, 9. The July 24, 2017 Complaint also alleged that the IRS unlawfully assessed as "income and business profits" Plaintiff's business assets, including customer order payments, payments to business vendors, and business expense payments, *i.e.*, "all that came into the business account for the years 2003-2006." Compl. at 2; Compl. Ex. 1 at 2 (emphasis omitted). In the alternative, the July 24, 2017 Complaint

---

[1] The relevant facts discussed herein were derived from: the July 24, 2017 Complaint ("Compl.") and attached Exhibits ("Compl. Exs. 1–2"). *See also Maehr v. United States*, No. 17-1000T, 2018 WL 2016319, at \*1 (Fed. Cl. Apr. 30, 2018) (Memorandum Opinion And Order Granting The Government's Motion To Dismiss).

alleged that the IRS had authority to tax wages, salary, and compensation for services under the Sixteenth Amendment, but any taxes on business assets were "based on a fraudulent assessment of untaxable assets," deprived Plaintiff of due process of law, or were a "complete taking." Compl. at 2; *see also* Compl. Ex. 1 at 2, 9. In addition, the July 24, 2017 Complaint alleged that the IRS's ability to tax income did not extend to "an unconstitutional direct tax on wages, salary[,] or compensation for services of private Americans, and never did." Compl. at 2; Compl. Ex. 1 at 3.

Finally, the July 24, 2017 Complaint alleged that, even if the IRS had authority to tax "private wages," levies assessed by the IRS to satisfy unpaid taxes were fraudulent, because they were made against "what has been 'assessed' as 'income[,]' but is NOT actual 'wages' or business gain or profit, and included everything in respective accounts, including 'gross' assets and business[] expenses, and protected assets." Compl. at 2 (emphasis in original); *see also* Compl. Ex. 1 at 5. The levies and tax assessments were "a vindictive move against [Plaintiff] for daring to raise a defence [*sic*] against unlawful taking, and for raising the original intent of Congress and the Supreme Court." Compl. Ex. 1 at 5.

For relief, the July 24, 2017 Complaint requested that the court order the IRS "to respond to the evidence as filed in the stated Supreme Court Petition" to "revers[e the] unlawful taking," provide "compensatory and punitive damages," in an unspecified amount, and "order a [f]ederal [g]rand [j]ury investigation[] to review and remedy any similar activities involving others similarly situated . . . or [order such other] remedy as this court deems right and just." Compl. at 2–3.

On November 21, 2017, the Government filed a Motion To Dismiss the July 24, 2017 Complaint, pursuant to Rules of the United States Court of Federal Claims ("RCFC") 12(b)(1) and 12(b)(6). On December 22, 2017, Plaintiff filed a Motion For Summons Of Grand Jury And Response To The Government's November 21, 2017 Motion To Dismiss. On January 8, 2018, the Government filed a Reply to Plaintiff's December 22, 2017 Motion For Summons Of Grand Jury And Response To The Government's November 21, 2017 Motion To Dismiss.

On April 30, 2018, the court issued a Memorandum Opinion And Order Granting The Government's Motion To Dismiss. *Maehr v. United States*, No. 17-1000T, 2018 WL 2016319 (Fed. Cl. Apr. 30, 2018). The April 30, 2018 Memorandum Opinion And Order also dismissed the December 22, 2017 Motion For Summons Of A Grand Jury, because the court determined that it did not have jurisdiction to adjudicate claims arising under the criminal code, including "requests to empanel a grand jury." *Maehr*, 2018 WL 2016319, at *14.

On June 6, 2018, Plaintiff filed a "Corrected Filing of Motion to Consider Transfer of Instant Case, and to Reconsider Summons of Grand Jury" ("Motion To Reconsider").[2]

## II.   STANDARD OF REVIEW.

The court may reconsider and alter or amend its judgment, if the movant demonstrates that: (1) there has been an intervening change in controlling law; (2) previously unavailable evidence is now available; or (3) the motion is necessary to prevent manifest injustice. *See* RCFC 59(a)(1);

---

[2] The court construes the June 6, 2018 Corrected Filing as a Motion For Reconsideration, pursuant to RCFC 59(a).

*see also Dairyland Power Co-op v. United States*, 106 Fed. Cl. 102, 104 (Fed. Cl. 2012) ("Reconsideration is not to be construed as an opportunity to relitigate issues already decided. Rather, the moving party must demonstrate either an intervening change in controlling law, previously unavailable evidence, or a manifest error of law or mistake of fact."). A Motion For Reconsideration requires "a showing of extraordinary circumstances." *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (citation omitted), *cert. denied*, 546 U.S. 826 (2005). It is not intended to give an "unhappy litigant an additional chance to sway" the court. *See Matthews v. United States*, 73 Fed. Cl. 524, 526 (Fed. Cl. 2006). Nor may a party prevail by raising an issue for the first time on reconsideration, when it was ripe for adjudication at the time the complaint was filed. *Id.*

### III.    DISCUSSION.

#### A.    Plaintiff's Argument.

Plaintiff argues that this case should be transferred to "a court of competent jurisdiction for lawful due process." Motion For Reconsideration at 2 (citing *Travelers Indem. Co. v. United States*, 72 Fed. Cl. 56, 59 (Fed. Cl. 2006) ("Should the court find that it lacks subject matter jurisdiction to decide a case on its merits, it is required either to dismiss the action as a matter of law . . . or to transfer it to another federal court that would have jurisdiction.")). Plaintiff contends that "the [United States] Supreme Court, under original jurisdiction, should be the court to properly adjudicate these issues." Motion For Reconsideration at 2.

Plaintiff also argues that this court has "jurisdiction to initiate summons of a grand jury" under "the authority and jurisdictional elements of a Judge's [*sic*] responsibility in criminal actions." Motion For Reconsideration at 2. Plaintiff insists that "there is no prohibition on this court, or lack of jurisdiction by this court" to summon a grand jury. Motion For Reconsideration at 3–4 (emphasis omitted). Finally, Plaintiff argues that "to continue to suppress evidence and due process is treason." Motion For Reconsideration at 4.

#### B.    The Court's Resolution.

Plaintiff has failed to establish that he is entitled to reconsideration of the court's April 30, 2018 Memorandum Opinion And Order Granting The Government's Motion To Dismiss. *See* Motion For Reconsideration at 1–5 (containing no argument that there is new evidence available, that there has been an intervening change in controlling law, or that reconsideration is necessary to prevent manifest injustice). Plaintiff cites *Travelers Indemnity Co. v. United States*, 72 Fed. Cl. 56, 59 (Fed. Cl. 2006), as support for his argument that the court should reconsider its dismissal and transfer the case to the United States Supreme Court. Motion For Reconsideration at 2. The court in *Travelers Indemnity Co.*, however, determined that "should [a] court find that it lacks subject matter jurisdiction to decide a case on its merits, it is required *either* to dismiss the action as a matter of law . . . *or* to transfer it to another federal court that would have jurisdiction." *Travelers Indem. Co.*, 72 Fed. Cl. at 59 (emphasis added). In this case, the court dismissed the July 24, 2017 Complaint as it did not have jurisdiction to adjudicate the claims alleged therein.

3

*See Maehr*, 2018 WL 2016319, at *12. That dismissal is entirely consistent with *Travelers Indemnity Co*. *See Travelers Indem. Co.*, 72 Fed. Cl. at 59 (determining that the court may "dismiss the action as a matter of law," if it determines that it does not have the requisite jurisdiction to adjudicate the claim on its merits).

Plaintiff has also failed to establish that there has been an intervening change in controlling law regarding his due process claim. In granting the Government's November 21, 2017 Motion To Dismiss, the court relied on the holding of the United States Court of Appeals for the Federal Circuit that "the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013); *see also Maehr*, 2018 WL 2016319, at *12. *Smith* was controlling law, when the court issued the April 30, 2018 Memorandum Opinion And Order, and remains controlling law today.

Likewise, Plaintiff has failed to establish that there has been an intervening change in controlling law regarding his criminal claims. A grand jury is "an accusatory body that sits to assess whether there is adequate basis for bringing a *criminal* charge." *United States v. Williams*, 504 U.S. 36, 37 (1992) (emphasis added). As the court explained in the April 30, 2018 Memorandum Opinion And Order, the United States Court of Federal Claims does not have jurisdiction to adjudicate claims that concern the criminal code. *Maehr*, 2018 WL 2016319, at *12 (citing *Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994) (affirming a trial court's dismissal of claims arising under the federal criminal code)); *see also Hufford v. United States*, 85 Fed. Cl. 607, 608 (Fed. Cl. 2009) ("[I]t appears that [Plaintiff] alleges claims of obstruction of justice and conspiracy. As these claims are based on criminal statutes, these too must be dismissed."). Plaintiff has shown no intervening change in controlling law that would allow this court to assert jurisdiction over criminal matters or a grand jury to be empaneled. *See* Motion For Reconsideration at 1–5 (alleging no intervening change in controlling law).

### IV.   CONCLUSION.

For these reasons, the court has determined that Plaintiff has not established that he is entitled to reconsideration of the April 30, 2018 Memorandum Opinion And Order. Accordingly, the June 6, 2018 Motion For Reconsideration is denied.

**IT IS SO ORDERED.**

/s/ Susan G. Braden
**SUSAN G. BRADEN**
**Senior Judge**